IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

U.S. SPECIALTY INSURANCE COMPANY                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:17-CV-00214-NBB-RP

GANGER PROPERTY MANAGEMENT, LLC,
JEFF GANGER and DANA GANGER                                                        DEFENDANTS

ORDER GRANTING DEFAULT JUDGMENT

This cause comes before the court upon the Motion for Default Judgment filed by Plaintiff U.S. Specialty Insurance Company ("USSIC"). The court finds that the defendants were properly served in this matter;[1] that the defendants failed to answer or otherwise defend themselves against the plaintiff's complaint;[2] and that the plaintiff is entitled to judgment by default under Federal Rule of Civil Procedure 55.[3]

On or about March 6, 2015, the defendants entered into a General Indemnity Agreement ("GIA") with USSIC for the purpose of providing payment and performance bonds for Ganger Property Management, LLC. In accordance with the GIA, the plaintiffs soon asked USSIC to issue numerous bonds to assist them in successfully bidding various construction projects. These bonds were used to guarantee payment to subcontractors and suppliers and to ensure that the projects would be completed.

Although it was the defendants' responsibility to make such payments and to complete the projects, they failed to do so. Thus, under the terms of the GIA, USSIC was compelled to

---

[1] "[V]alid service of process puts a defendant on notice that failure to file an answer to the complaint subjects him to the risk of default judgment." *SUA Ins. Co. v. Buras*, 421 F. App'x 384, 385 (5th Cir. 2011).
[2] Because the defendants have failed to answer the complaint, the court accepts all well-pleaded factual allegations in the complaint as true. *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).
[3] "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for default judgment." *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

satisfy these obligations and also to defend against certain claims. The terms of the GIA, however, also required the defendants to indemnify USSIC for all costs, including attorney fees, associated with its satisfaction of the performance and payment bonds issued.

USSIC made demands for indemnification from the defendants, to no avail. Accordingly, USSIC filed the instant action against the defendants to recover damages associated with the defendants' breach of the GIA. The defendants were served but failed to answer, resulting in a clerk's entry of default. USSIC subsequently filed the instant motion for default judgment.

After due consideration of the terms of the GIA, as well as the supporting documentation on damages, the court finds that USSIC's motion is well-taken, and is, therefore, **GRANTED**. In accordance with the terms of the GIA, the amount due to USSIC is a liquidated sum that can be made certain by computation, and USSIC is entitled to damages for the following projects:

| | |
|---|---|
| Union County Heritage Museum | $112,945.96 |
|     Attorney Fees | $3,538.60 |
| | |
| Tallahatchie General Hospital | $85,498.75 |
|     Attorney Fees | $9,430.23 |
| | |
| University of Mississippi (Carrier House) | $26,687.50 |
|     Attorney Fees | $224.00 |
| | |
| Velma Young Community Center | |
|     Performance Bond | $957,000.32 |
|     Payment Bond | $471,741.88 |
|     Attorney/Consulting Fees | $130,641.32 |
| | |
| Corinth-Alcorn County Joint Airport Board | $79,672.36 |
|     Attorney Fees | $168.00 |
| | |
| University of Mississippi (Book Store) | $356,210.93 |
|     Attorney Fees | $700.00 |

It is, therefore, **ORDERED AND ADJUDGED** that USSIC is entitled to a default judgment against the defendants in the amount of $1,087,735.51.

This, the 23rd day of March, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**